Brinkebhoff, C..I.
In the.decision of this case the following points were ruled by the court:
1. An indictment for burglary, charging that the crime was committed “ on the sixteenth day of March, in the year of our Lord one thousand eight hundred and sixty-nine, in the county of Greene aforesaid, in the night season of the same day, to wit, about the hour of two o’clock at night.” The allegation as to the time is sufficiently definite and certain, — the night of the sixteenth of March being the night, or season of darkness, which immediately follows the sixteenth day of March, and which, in our latitude, includes two o’clock in the morning of the following day.
2. The fact that a party has been indicted, tried, and acquitted in one county, on a charge of burglary and larceny committed therein, is not a bar to an indictment, against the same party, in another county, charging a burglary in the latter county.
3. The burglary alleged was the breaking and entering a smoke-house. The evidence tended to show that the smokehouse was broken into, a number of hams stolen, and that *368 they were found in the prisoner’s possession, and by him offered for sale the next day.
The court charged the jury that “where there has been a larceny of goods, a person found in the possession of the stolen goods recently thereafter is, in law, presumed to have committed''the larceny; and if there was a burglary and entry of said smoke-house, in the night season, as charged, and a larceny of goods therein, and the goods stolen, or any part thereof, were found in the possession of the defendant the next day, the law presumes that he not only stole the property, but that he also committed the burglary; and it is for the defendant to show that he came honestly by the goods.”
We think the court stated the doctrine too strongly. The facts that a building was burglariously entered, goods stolen therefrom, and the possession by the accused, soon thereafter, of the goods stolen, are competent evidence to go to the jury, and, in connection with other circumstances indicative of guilt, such as giving a false account, or refusing to give any account, of the manner in which, or the means by which, he came into possession of the stolen goods, they may afford a strong presumption of fact of the guilt of the accused, and warrant the jury in finding him guilty of both the burglary and larceny. But we are not prepared to say that the facts of burglary, of larceny, and of possession of the stolen goods soon thereafter by the accused, alone raise & presumption of 1cm that he is guilty of both the burglary and larceny. “Nothing can be more persuasive than the circumstance of possession commonly is, when corroborated by other criminative circumstances; nothing more inconclusive, supposing it to stand alone.” And, “ whatever the nature of the evidence, the jury must be morally convinced of the guilt of the accused, who is not to be condemned on any artificial presumption or technical reasoning, however true and just in the abstract.” Best on Presumptions, sec. 230.
Judgment reversed and cause remanded.
Scott, Welch, White, and Day, JJ.,. concurred.